**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Timothy LaTour, | : |
| | : |
| Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| | : |
| Lustig, Glaser & Wilson, P.C., | : **COMPLAINT** |
| | : |
| Defendant. | : |
| | : |

For this Complaint, the Plaintiff, Timothy LaTour, by undersigned counsel, states

as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the invasions of Plaintiff's

personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer

debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the

Defendants transact business in this District and a substantial portion of the acts giving rise to

this action occurred in this District.

## PARTIES

4.      The Plaintiff, Timothy LaTour ("Plaintiff"), is an adult individual residing in

Charlton, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Lustig, Glaser & Wilson, P.C. ("LGW"), is a Massachusetts business entity with an address of 245 Winter Street, Suite 300, Waltham, Massachusetts 02451, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

6.      The Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One Bank (USA), N.A. (the "Creditor").

7.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.      The Debt was purchased, assigned or transferred to for collection, or  was employed by the Creditor to collect the Debt.

9.      The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Engages in Harassment and Abusive Tactics

10.      Within the last year, the Defendants contacted the Plaintiff in an attempt to collect the Debt.

11.      On May 16, 2016, LGW filed a lawsuit on behalf of the Creditor against Plaintiff in an attempt to collect the Debt in Dudley District Court.

12.      Upon information and belief, no LGW attorney meaningfully reviewed the summons and complaint filed against Plaintiff to collect the Debt prior to their filing. *See Bock v. Pressler & Pressler, LLP*, 30 F. Supp. 3d 283, 306 (D.N.J. 2014) (lack of meaningful attorney involvement prior to filing of lawsuit to collect debt from consumer violated section 1692e of the FDCPA).

2

13.     On May 18, 2016 LGW sent a letter to Plaintiff (the "Letter").

14.     At no point in time was the Letter meaningfully reviewed by an LGW attorney.

15.     The Letter states that "a decision was made to file a law suit against you in the Dudley District Court" and that LGW "will be asking the Dudley District Court to issue a Summons which will be served upon you together with the Complaint by the Sheriff's Department."

16.     Despite disclosing that LGW intended on filing a lawsuit against Plaintiff, the Letter also states "[i]f you would prefer to resolve your account balance amicably, we ask that you complete the Financial Statement appearing on the reverse side of this letter . . . ."

17.     Further, the Letter states "[p]rovided we have the completed Financial Statement and are able to reach an agreement for payments with you, the need for further action on this matter may be avoided."

18.     Despite the fact that a lawsuit had already been filed as of the date of the Letter, the Letter is ambiguous as to whether a lawsuit had actually been filed, or alternatively, whether LGW would not file a lawsuit if Plaintiff contacted LGW.

19.     Specifically, the Letter is ambiguous as to whether the lawsuit had actually been filed in light of LGW's statement that Plaintiff could "resolve [the] account balance amicably."

20.     Moreover, the Letter creates the false impression that Plaintiff's only responsibility in responding to the lawsuit filed against him is contacting LGW.  The Letter does not advise Plaintiff that he must file a responsive pleading in order to avoid a default judgment being entered against him.

C. **Plaintiff Suffered Actual Damages**

21.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

26.     The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants misrepresented the character, amount and legal status of the Debt.

28.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

4

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT, M.G.L. c. 93A § 2, et seq.

31.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     The Defendants employed unfair or deceptive acts to collect the Debt, in violation of M.G.L. c. 93A § 2.

33.     Defendant's failure to comply with these provisions constitutes an unfair or deceptive act under M.G.L. c. 93A § 9 and, as such, the Plaintiff is entitled to double or treble damages plus reasonable attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Double or treble damages plus reasonable attorney's fees pursuant to M.G.L. c. 93A § 9(3);

5. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6.   Punitive damages; and

7.   Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 10, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff