UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                      )

**TIMOTHY LATOUR,**                 )
                                                      )         CIVIL ACTION
              **Plaintiff,**             )         NO. 16-40072-TSH
                                                       )
                   v.                   )
                                                       )
**LUSTIG, GLASER & WILSON, PC.,** )
                                                       )
              **Defendant.**         )
_____)
                                                      )

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT'S MOTION TO DISMISS
MARCH 29, 2017**

**HILLMAN, D.J.**

       Plaintiff, Timothy LaTour ("Plaintiff" or "LaTour") alleges violation of the Fair Debt Collections Practices Act and the Massachusetts Consumer Protection Act ("FDCPA") against the law firm of Lustig, Glaser and Wilson ("LGW" or "Defendant"). Plaintiff's claims arise from LGW's attempt to collect a debt from Plaintiff. For the reasons set forth below, Defendant's motion (Docket No. 10) is ***granted***.

### Background

       The following facts are taken from the Plaintiff's Complaint and presumed true for the purposes of this motion. Plaintiff is a resident of Charlton, Massachusetts. LGW is a law firm collection agency. Plaintiff allegedly incurred a financial obligation (the "Debt") to Capital One, N.A. for personal purposes and his account went into arrears. The Debt was then sold to LGW or LGW was employed by the Creditor to collect the Debt and LGW sent Plaintiff a series of collection letters. The first letter was dated March 14, 2016 notifying Plaintiff that LGW now

had the account and made a demand for the payments (Docket No. 11, Ex.1).[1] On March 28, 2016, LGW sent a second letter offering a payment arrangement (Docket No. 11, Ex. 2). On April 18, 2016, a third letter was sent to Plaintiff, requesting that he contact LGW to try to resolve the account and mentioned that his account would be reviewed to determine whether legal action would be pursued (Docket No. 11, Ex. 3). Plaintiff has not alleged any violations regarding these letters.

On May 10, 2016, LGW sued Plaintiff in Dudley District Court and asked the District Court to issue a summons. LGW mailed a fourth letter to Plaintiff dated May 18, 2016, notifying him of the law suit and making an offer to "resolve his account balance amicably." (Docket No. 11, Ex. 4). The body of the letter reads as follows:

> Your account number ending 4702 with Capital One Bank (USA), NA was recently reviewed and a decision was made to file a law suit against you in the Dudley District Court. This decision was made because, to date, you have failed to make satisfactory payment arrangements on your account with our office. As a result of this decision, we will be asking the Dudley District Court to issue a Summons which will be served upon you together with the Complaint by the Sheriff's Department.
> If you would prefer to resolve your account balance amicably, we ask that you complete the Financial Statement appearing on the reverse side of this letter and return it to us in the enclosed envelope together with your suggestion for resolving your account balance. We will then review your information and contact you to discuss the possibility of reaching a mutually agreeable payment arrangement. Provided we have the completed Financial Statement and are able to reach an agreement for payments with you, the need for further actions on this matter may be avoided.
> Please give this matter your prompt attention and do not forget to provide us with the phone number at which you can most easily be reached during the day.

On May 19, 2016, LGW received a letter from Dudley District Court, indicating that the Court had received the request for summons and complaint and had docketed the case on May 16, 2016. Plaintiff filed this action on June 10, 2016.

---

[1] Although the four letters were attached as an exhibit to LGW's motion, this Court may consider it in the context of a motion to dismiss because the documents' authenticity is not disputed and they are central to Plaintiff's claims. *See Curran v. Cousins*, 509 F.3d 36, 44 (1st Cir.2007).

**Standard of Review**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). Although detailed factual allegations are not necessary to survive a motion to dismiss, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). In evaluating a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).

**Discussion**

Plaintiff claims that the letter is "false and deceptive" under 15 U.S.C. § 1692 *et seq*, of the FDCPA because it was ambiguous as to whether a lawsuit had already been filed, as to whether Plaintiff contacting LGW would prevent the filing of a lawsuit, and as to whether a lawsuit had actually been filed in light of LGW's offer to resolve the matter amicably. Under 15 U.S.C. § 1692e(10), a "debt collector" may not "use any false representation or deceptive means to collect or attempt to collect any debt." "[A] representation from a debt collector is deceptive 'when it can be reasonably read to have two or more different meanings, one of which is inaccurate.'" *Waters v. Kream,* 770 F.Supp.2d 434, 436 (D.Mass.2011) (quoting *Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir.1996)).

The First Circuit recently held that, "for FDCPA purposes, a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer." *Pollard v. Law*

*Office of Mandy L. Spaulding,* 766 F.3d 98, 103 (1st Cir. 2014). The standard protects "all consumers, including the inexperienced, the untrained and the credulous." *Id*. at 103-104, citing *Taylor v. Perrin, Landry, deLaunay & Durand,* 103 F.3d 1232, 1236 (5th Cir. 1997); *see Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993). Even so, the standard remains an objective one, which preserves an element of reasonableness. *Id*. at 104. That is, a debt collector will not be held liable based on an individual consumer's chimerical or farfetched reading of a collection letter. *Id*. A collection letter is confusing if, after reading it, the unsophisticated consumer would be left unsure of her right to dispute the debt and request information concerning the original creditor. *Id*., citing *See Russell v. Equifax A.R.S.,* 74 F.3d 30, 35 (2d Cir. 1996). The emphasis is on the practical effect to the consumer. *Id*., citing *Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991) (explaining that "statutory notice must not only explicate a debtor's rights; it must do so effectively"). This Circuit shares the view of the Third Circuit that attorney debt collectors warrant closer scrutiny due to the inference of authority and experience. *See Pollard*, 766 F.3d at 106.

A similar set of facts was presented to the Court in *Waters. V. Kream*, 770 F.Supp.2d 434 (D.Mass. 2011) (OToole, J.). In *Waters*, the law firm of Kream & Kream, acting as debt collectors, sent a letter to a consumer after the consumer had been served with the summons and complaint. The letter advised the consumer that he had been served and that if he wanted to avoid court costs, he could still contact the firm to settle. Judge O'Toole, in granting summary judgment in favor of Kream, held that the substance of the communication, fairly understood as a whole by the "least sophisticated consumer,"[2] was not unfair, unconscionable or false and misleading within the meaning of 15 U.S.C. §1692e and §1692f. *Id*. at 437-438.

---

[2] This Circuit has since held that a collection letter is to be viewed from the perspective of the hypothetical unsophisticated consumer. *See Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014).

Plaintiff spends considerable effort arguing about the timing of the letter versus the filing of the lawsuit. The Plaintiff's primary argument is that the letter would be confusing to the unsophisticated consumer because the wording suggests that the legal action had not yet been filed, only that the decision to do so was made, when the lawsuit had indeed been filed first. Here, as in *Waters*, the relevant language of the May 18 letter was clear: "a decision was made to file a lawsuit" and "if you would prefer to resolve your account balance amicably … "the need for further action on this matter may be avoided." This sets out the matter in relatively direct language that the decision was made to pursue the matter in court, but that there was still an option to settle the matter outside of court. The question is whether the communication, understood by the unsophisticated consumer, was an unfair or unconscionable means to collect or attempt to collect any debt" or a "false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e, §1692f. *Accord*, *Waters* at 437-438. The Court finds that it was not. Accordingly, Count I is dismissed.

As the Chapter 93A claim in Count II is based on the alleged underlying violations of the FDCPA, and none was found, there can be no violation of Chapter 93A.  Count II is dismissed.

**Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss (Docket No. 10) is ***granted.***
**SO ORDERED.**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**

---

"Labels aside, there appears to be little difference between the least sophisticated consumer and the unsophisticated consumer." *See id*. at n.4